UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 12-035ML |
| | : | |
| HECTOR L. RODRIGUEZ | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Defendant Hector L. Rodriguez has appealed from this Court's denial of his motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, ECF No. 50, as well as from my denial of his motion for reconsideration of his motion for the production of transcripts. ECF No. 58. In connection with his appeal, he has asked this Court for leave to prosecute the appeal *in forma pauperis* ("IFP"), ECF No. 61; that motion has been referred to me. Because I recommend that this Court certify that this appeal is not taken in good faith pursuant to Fed. R. App. P. 24(a)(3)(A), I also recommend that the IFP motion be denied. Because denial of IFP status may be dispositive of Defendant's appeal, the IFP motion is addressed by this report and recommendation. Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is functional equivalent of dismissal, so that magistrate judge should issue a report and recommendation for a final decision by the district court).

The particulars of this case are set forth in both the District Court's ten-page Memorandum and Order ("M&O") of August 17, 2015 (ECF No. 50) and in my M&O of January 15, 2016 (ECF No. 58). The essence of Defendant's appeal, according to his pending IFP motion, is that the District Court erred in its denial of his § 2255 motion because it

misinterpreted Missouri v. Frye, 132 S. Ct. 1399 (2012),[1] "amongst other issues." ECF No. 61 at 1. However, the District Court's M&O was issued following an evidentiary hearing at which Defendant and his trial attorney testified; based on the evidence, the Court found "that this case is not appropriate for the issuance of a certificate of appealability because Rodriguez has failed to make 'a substantial showing of the denial of a constitutional right' as to any claim, as required by 28 U.S.C. § 2253(c)(2)." ECF No. 50 at 10. This finding is fatal to his IFP motion. Although Defendant is unquestionably financially qualified for IFP status on appeal pursuant to Fed. R. App. P. 24(a)(1)(A), Fed. R. App. P. 24(a)(3) is plain that an appeal may not be taken on an IFP basis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Based on the District Court's finding that the claim is not appropriate for the issuance of a certificate of appealability, I find that Defendant's appeal is not taken in good faith. See Richardson v. United States, Civil Action No. 09-30079-MAP, 2010 WL 4450446, at *1 (D. Mass. Oct. 14, 2010), report and recommendation adopted, No. C.A. 09-30079-MAP, 2010 WL 4450408 (D. Mass. Nov. 4, 2010) (although standard for granting IFP status on appeal is somewhat lower than standard needed to obtain a certificate of appealability, where court denies a certificate of appealability because petition was without merit, then it should also deny IFP status on appeal because the appeal is not taken in good faith) (citations omitted). I recommend that this Court so certify. Further, if this Court adopts this recommendation and certifies that this appeal is not taken in good faith, I further recommend that the IFP motion (ECF No. 61) be denied.

      Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting

---

[1] In Missouri v. Frye, the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. 1399, 1408 (2012).

party.  See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 4, 2016